## M'Kibbin's Estate.

*Will—Onerous and beneficial properties—Devise.*

Where onerous and beneficial properties are included in a single and undivided gift or devise, the donee or devisee cannot reject the onerous and accept the beneficial; he must take the whole or nothing.

Testatrix in one clause of her will directed as follows: " I give and devise all the lands of which I may die seized in Fulton county to my three surviving sons absolutely and in fee to be equally divided among them, share and share alike, those taking however at the settlement of my estate as hereinafter provided to account to the other distributees for such lands at the rate of $5.00 per acre, and the lands so divided to be considered as cash payments on account of each son's distributive share at the said rate." In another clause she provided " and subject to the advancements to my children in lands as heretofore mentioned and at the price designated by me either already taken or to be taken after my decease, I direct my executors to divide . . . . the rest and residue of my estate which may be in their possession into eight equal parts, and to pay over and deliver one of said equal eight parts to each of my children," including therein the three sons. The three sons were appointed executors. Two of them took out letters. The three sons did not accept the devise of the lands in Fulton county. The lands were sold by the executors and by leave of court they bid in the land at the sale for something less than $600, whereas at a valuation of $5.00 per acre they would have represented the sum of nearly $5,000." *Held,* that the two clauses of the will were interdependent, and that the result of the provision in respect to the Fulton county lands was to bind together the devise to the sons and their shares in distribution so that the resultant would be the acceptance of both benefits burdened with the charge as to the land.

*Will—Annual payments to legatees—Advancements.*

Where testatrix directs her executors to pay annually a certain sum to each of her daughters for a period of years, and also directs that at the end of a certain period her estate shall be divided and that the daughters should have shares in the general distribution, but expresses no intention that the distributive shares of the daughters should be diminished by the annual payments, the daughters will be entitled on distribution to their shares undiminished by the annual payments.

Argued Oct. 21, 1902. Appeal, No. 236, Jan. T., 1902, by Maggie L. Charlton et al., from decree of O. C. Fulton Co., dismissing exceptions to auditor's report in Estate of Sarah I. M'Kibbin, Deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Exceptions to report of John P. Seips, Esq., auditor.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*M. R. Shaffner* and *W. H. Shoemaker*, with them *Francis Lafferty* and *George A. Smith*, for appellants.—The authorities seem to be plain and conclusive, that he who accepts a benefit under a will must adopt the whole contents of the instrument, conforming to all its provisions, and renouncing every right inconsistent with it: Schley v. Collis et al., 13 L. R. A. 567 ; Hainer v. Legion of Honor, 78 Ia. 245 (43 N. W. Repr. 185) ; Eichelberger's Estate, 135 Pa. 160 ; Vanzant v. Bigham, 76 Ga. 759 ; Taliaferro v. Day, 82 Va. 79 ; Hill v. Huston's Exr., 15 Grattan, 357 ; Rutherford v. Mayo, 76 Va. 117.

*W. Rush Gillan*, with him *W. Scott Alexander*, for appellee.

OPINION BY WILLIAM W. PORTER, J., December 13, 1902:
The 3d clause of the 6th paragraph of the will of Sarah I. M'Kibbin provides, " I give and devise all the lands of which I may die seized in Fulton County to my three surviving sons, William, George and Harry M'Kibbin absolutely and in fee to be equally divided among them share and share alike, those taking however at the settlement of my estate as hereinafter provided to account to the other distributees for such lands at the rate of five dollars per acre, and the lands so divided to be considered as cash payments on account of each son's distributive share at the said rate." The 5th clause of the 6th paragraph provides " and subject to the advancements to my children in lands as heretofore mentioned and at the price designated by me either already taken or to be taken after my decease, I direct my executors to divide . . . . the rest and residue of my estate which may be in their possession into eight equal parts, and to pay over and deliver one of said equal eight parts to each of my children," including therein the three sons. The three sons were appointed executors. Two of them took out letters. The three sons did not accept the devise of the lands in Fulton county. The lands were sold by the executors and by leave of court they bid in the

land at the sale for something less than $600, whereas at a
valuation of $5.00 per acre they would.have represented the
sum of nearly $5,000.

The first contention here raised is that the three sons were
required to take as part of their distributive shares of the
residuary estate the Fulton county lands mentioned in the
third clause at the price put upon them by the testatrix. To
this objections are made, (1) that by the terms of the will the
sons were given an option to accept or reject the devise of the
lands ; and (2) that the devise of the lands, with its burden,
was a separate provision which might be accepted or rejected
without imperiling the benefit conferred by the residuary
clause of the will. The auditor sustained these positions and
the court without discussion confirmed his report.

(1) The first of the two positions assumed by the appellee
we cannot regard as tenable. The language of clause 3 does
not by expression give the devisees a mere option to take the
land at the price named. The basis of the argument for such
construction is the use of the words " those taking " which in-
troduce the second part of the clause. It is urged that these
words indicate that the devisees may or may not· take accord-
ing to their volition. We cannot so construe them. We
admit the lack of clearness, but construe the expression to
refer to the three sons who were given the lands and who
were to account for their value as fixed by the testatrix at the
final settlement of the estate. Confirmation is found for this
view in the 5th clause of the same paragraph, above quoted.
The clauses immediately preceding clause 3 require that ad-
vancements already made to certain of the children in land
shall be taken into the final settlement of the estate at the
value designated by the testatrix. The 5th clause speaks of all
of the advancements in land as " either already taken, or to
be taken after my decease." The only provision for land to
be taken after her decease is that given to the three sons in the
3d clause. Had she intended them to have the option of ac-
cepting or rejecting that provision she would have spoken of
the advancements in the 5th clause as of lands " already taken
or which may be taken after my decease." Undoubtedly the
devisees (whether the clause gave an option or not) could
reject the provisions of the clause and decline to take the lands

with its burden. But whether that rejection in the absence of optional terms should result in the loss of the right to participate in the final distribution brings us to the second question.

(2) If the devise of the lands in clause 3 were a provision for the sons wholly separate and apart from other gifts or benefits, they might decline to take under clause 3 without peril to benefits conferred by other clauses. For the support of this statement some industry has failed to find any Pennsylvania case. But the result of the English authorities is believed to be well stated in 11 Am. & Eng. Ency. of Law (2d ed.), pp. 62, 63. " Where a testator gives two or more properties of his own to the same person, and one or more would be beneficial to the donee, while the other or others would be onerous, the question arises as to whether or not the donee may accept what is beneficial and reject what is onerous. . . . In the absence of an intention on the part of the donor to make the acceptance of what is beneficial conditional with what is burdensome, the donee is entitled to take the property that is beneficial and reject the other, even though the burden upon the rejected gift will have to be borne by the donor's general estate. Where, however, onerous and beneficial properties are included in a single and undivided gift, the donee cannot reject the onerous and accept the beneficial. He must take the whole or nothing." If, then, the provision in clause 3 is a gift separate and apart from the benefit given by the residuary clause, the devisees might reject it without peril to the second benefit. If, however, the provision is not separate, but is interlinked with the benefit conferred by the residuary clause, the burdensome provision may not be rejected and the residuary benefits retained. Are the two provisions of the will independent? There can be but one answer to this question. The expressed and dominant intention throughout the will is to produce equality in distribution among the children. The testatrix recites advancements in land to some of her children as already made. The value of these advancements she fixes at $5.00 per acre. When she comes to the lands in Fulton county, which she still owned, she gives them to her three sons and places a value of $5.00 per acre upon them. So far as we may know all of her valuations may have been believed by her to be accurate. On the other hand she may have imposed an

excessive burden upon some of the devises in order that when taken into the final distribution of the residue of the estate the result should be equality. Whatever the motive, the result of the provision in respect to the Fulton county lands is to bind together the devise to her sons and their shares in distribution so that the resultant will be the acceptance of both benefits burdened with the charge as to the lands.

A further question is raised in this appeal. Under clause 4 of paragraph 6, the testatrix provided for the retention of real estate in Philadelphia county in the hands of the executors for five years, with the rents to accumulate, and, at the expiration of that time, the sale of the property. Under clause 5 (a part of which has been hereinbefore quoted), she directs that the purchase moneys, together with the residue of the estate, shall be distributed among the children. By a codicil she directs the executors out of the accumulating rentals of the Philadelphia property " to pay out of the said net rentals during the period of the said five years the annual sums of $100 respectively to each of my three daughters." The auditor and the court below held that these payments so directed to be made were on account of their distributive shares and in effect thus held that the payments were to be made by way of advancement. We do not reach the same conclusion. The codicil is a direct order to pay certain sums of money to the parties named. It is true that those parties are participants in the distribution of the residuary fund when the general distribution is made, but there is nothing in the codicil which can be construed as an expression of intention that the shares of the daughters in final distribution shall be diminished by the payments to be made to them by the direction contained in the codicil. Their shares in distribution therefore must be determined on the basis that these payments have been made absolutely and not on account of their distributive shares of the residue.

The decree of the court below must be reversed as to both points raised in this appeal. The real estate described as lands in Fulton county is still in the control of the executors. The costs accrued in the attempt to sell must be borne by the executors. No attempt has been made to defeat the right of the sons to participate in the residuary distribution because of failure to accept the devise of the lands in Fulton county. All

that is demanded is that they shall take those lands, at the valuation fixed by the testatrix in the final settlement. It is within the power of the parties and of the court below by proper action to readjust the distribution of the residuary estate on the lines herein laid out and to vest a title to the lands in Fulton county in the devisees according to the terms of the will unless the said devisees should prefer to reject the devise and with it the right to participation in the distribution of the residuary estate.

The decree of the court below is reversed and the record remitted to the end that the settlement of the estate may be accomplished by adjudication in accordance with the views herein expressed.