## Borden's Estate

362

*Joseph P. Gaffney,* for exceptant.
*Carl McLaughlin,* contra.

STEARNE, J., April 24, 1936.—Despite the earnest argument by the able counsel for exceptant we are not persuaded that the auditing judge erred. Upon the audit of the executors' account in 1927 this trust res was awarded by an auditing judge to the trustees, the present accountants, and therein it was ruled that decedent "gave the income arising from the residue of his estate to his wife, Anna B. Borden, for life, conditioned, however, upon the payment by the said Anna B. Borden" of the annuities. While perhaps not technically a conditional legacy, nevertheless the bequest of a life estate to the wife was charged with the payment of the annuities. The widow's election to take under the will was, at law, an acceptance of the

bequests so charged: Hanna's Appeal, 31 Pa. 53; Ludwick's Estate, 269 Pa. 365; M'Kibbin's Estate, 21 Pa. Superior Ct. 578; Cox et al. v. Rogers, 77 Pa. 160. It is conceded that unpreferred legacies and unpreferred annuities abate ratably, but the cases relied upon by exceptant, Appeal of the Trustees of the University of Pa., 97 Pa. 187, and Chilton's Estate, 17 D. & C. 539, which apply this principle, are different in facts from the instant case. In these cases there was a deficiency in assets to pay the legacies and annuities, and both abated. Here the life estate was bequeathed charged with the annuities, which legacy was accepted. Herein lies the distinction. The existing situation creates a hard case upon the widow, but in these circumstances we are unable to afford relief.

All exceptions are dismissed and the adjudication is confirmed absolutely.