## David Weiler's Estate.   Isaac Styer's Appeal.

*Will—Charge on land.*

Testator directed as follows: "I give and bequeath to my son George and son Silas Weiler all my real estate for the sum of two thousand five hundred dollars, and after her decease, that is to say my wife, Mary Weiler, then after all funeral expense is paid, then all my personal property to be sold and all debts paid, then all what is left to be divided equally amongst my ten children or to their heirs or assigns." *Held*, that the will created a charge upon the land, and not a mere personal obligation upon the sons who accepted the land.

Argued May 23, 1895.   Appeal, No. 349, Jan. T., 1895, by Isaac Styer, from decree of O. C. Lancaster Co., directing the payment of valuation money into court.   Before STER-RETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Affirmed, with slight modification of decree.

Rule to show cause why valuation money on land devised by testator should not be paid into court.

From the record it appeared that testator's will was as follows:

"February, 17, 1854.

"This is my Last will and testament of David Weiler of Carnarvon township Lancaster County I David Weiler considering the uncertainty of this mortal Life and being of Sound mind and memory Blessed be Almighty God for the same do make and publish this my Last will and testament in manner and form following that is to say first I give and bequeath unto my beloved Wife mary Weiler All Raile Estate and Pernel property Dureing Hor Life time Item I Give and bequeath to my Son George and son Siles Weiler All my Raile Estate for the sum of tow thousand five Hundred Dollars and After Hor Decese that is to Say my wife Mary Weiler then After All funerel Expence is Paid then All my Pernel property to be Sold and All Detes Paid then All what is Left to be Devided Eqilly Amongest my teen Childrin or to there Airs or asinges And Lastly I Dow Abpind my Son Peter Weiler and Siles Weiler my Executors to maige Sail and Sell my Pernel prop-

perty and Devid it in Equel Sheirs I Have Hereuto set my Hand and Seal the Seventeens Day of February in the year of our Lord one thousand Eight Hundred and fifty fore.

" This my Hand and seal.

DAVID WEILER, [Seal.]

" This will Shall never be broke."

BRUBAKER, J., filed the following opinion:

" The main question in this case is whether the devise to the testator's sons, George and Silas, is a charge on the land. The testator disposed of his whole estate as follows: ' Item I give and bequeath to my son George and son Silas Weiler all my real estate for the sum of $2,500, and after her decease, that is to say, my wife, Mary Weiler, then after all funeral expense is paid, then all my personal property to be sold and all debts paid, then all what is left to be divided equally amongst my ten children or to their heirs or assigns.'

" The auditor to whom the matter was referred by the court to take testimony and find the facts, has found as a fact that George and Silas Weiler accepted the real estate devised to them under this clause of the will, but that the valuation moneys mentioned therein were not paid by them or by any one else for them. The land has since passed into possession of other parties, and the several interests of the devisees are now held by Isaac Styer, who is in possession of the same.

" The auditor further finds, among other facts, that Mary Weiler, the widow, died on Oct. 18, 1875; that Silas Weiler was adjudged a bankrupt in 1868; on December 17th of that year David G. Eshleman, the assignee in bankruptcy of Silas Weiler, conveyed all the right and title of said Silas Weiler at the time he was adjudged a bankrupt, of the thirty-acre tract of land in question, which interest was subsequently purchased by Isaac Styer, the present owner; that after the death of the widow, George Weiler on Nov. 6, 1875, conveyed his undivided interest in said land to Rebecca Weiler, widow of Silas Weiler; that the sheriff of Lancaster county on a writ of venditioni exponas issued out of the court of common pleas, on Oct. 6, 1880, sold the interest of George Weiler in said land to John B. Good, who, in turn, sold and conveyed the same to Isaac Styer, the present owner.

" It is contended on the part of the rule that the land devised

to the sons by the testator was subject to the charge of the valuation moneys or legacies, and that it is still subject to the payment of them.    There is no doubt, in our opinion, that the acceptance of the real estate was, in law, a purchase by the devisees, to take effect after the decease of the widow, upon condition of the payment of these moneys, that this was the evident intent of the testator in making the devise to his sons can be readily seen from the disposition he makes of the moneys, which formed part of the estate for the purposes of distribution, as it is to be equally divided among his ten children, which includes the devisees.    The interest that these devisees, therefore, had in the property was merely an equitable one, the legal title to the land being conditioned upon the payment of the valuation moneys.

"It was said in Gilbert's App., 85 Pa. 347, that ' While, in order to make legacies a charge on land it must be found such was the testator's intention, still it is not necessary that its ascertainment should rest on direct expression.    It is enough if the intention appears by natural and obvious implication from the provisions of the will.'   ' In that case the testator gave certain land to one of his sons at $33.00 per acre, the proceeds thereof to be divided into eight equal shares, and distributed equally among his sons and daughters.    Held, that it was the intent of the testator that the land should be charged with the payment of these legacies.'    See also Hart v. Homiller's Exr., 23 Pa. 39; Wertz' App., 69 Pa. 173; Knecht's App., 71 Pa. 333 ; Pierce, Adm'x, v. Livingston, Adm'r, 80 Pa. 99 ; Hoover v. Hoover, 5 Pa. 351.

"If the construction we have given to the will is the correct one, and the land was accepted subject to the charge, we do not see that either the sale by the assignee in bankruptcy of Silas' interest, or the sale by the sheriff of George's interest can effect the charge on the land.    Either of these sales must necessarily be subject to the payment of the valuation moneys.    Indeed, the conveyance by the assignee in bankruptcy was expressly so made.

"We are of opinion that, as the valuation moneys in the devise under this will to George and Silas Weiler have not been paid, the rule in this case should be made absolute.

"We direct a decree to be drawn up by counsel for the rule,

ordering and directing the said Isaac Styer, the present owner of the land, to pay the said moneys with interest from the date of the death of the widow, to wit: on Oct. 18, 1875, on the first day of April next, or, in default thereof, a writ of levari facias is to be issued to sell the same.   Let the decree be so entered."

The court entered the following decree:

"And now, Jan. 29, 1895, on motion of Chas. I. Landis and A. H. Fritchey, Esqs., the court orders and decrees that Isaac Styer pay to B. S. Weiler, administrator d. b. n. c. t. a. of the estate of the said David Weiler, deceased, the sum of twenty-five hundred dollars ($2,500) with interest from Oct. 18, 1875, on or before the first day of April, A. D. 1895, and that in default of such payment a writ of levari facias shall issue to sell the tract of land of the said Isaac Styer, consisting of about thirty acres of land, situated in Cærnarvon township, in said county, upon which the said sum remains charged."

*Errors assigned* were (1) order, directing decree to be drawn, quoting the order; (2) decree as above, quoting it.

*Wm. D. Weaver*, *Wm. R. Wilson*, with him for appellant.— The will gave the two sons a vested remainder: Manderson v. Lukens, 23 Pa. 31.   Liens upon lands are not favored, and are not to be implied: Hepburn v. Snyder, 3 Pa. 72; Hackadorn's App., 11 Pa. 86; Hamilton v. Porter, 63 Pa. 332; Etter v. Greenawalt, 98 Pa. 422; Strauss' App., 49 Pa. 353; Maltenberger v. Schlegel, 7 Pa. 241; Buchanan's App., 72 Pa. 448; Wright's App., 12 Pa. 257; Brandt's App., 8 Watts, 198; Sheaffer's App., 8 Pa. 38; Mohler's App., 8 Pa. 26; Woods v. White, 97 Pa. 226; Pierce v. Gardner, 83 Pa. 211; Hanna's App., 31 Pa. 53.

*A. H. Fritchey*, and *Charles I. Landis*, for appellee.—Where land is devised at a price to be paid by the devisee, a charge on the land is created: Hart v. Homiller's Exr's, 23 Pa. 39; Gilbert's App., 85 Pa. 347; Hoover v. Hoover, 5 Pa. 351; Knecht's App., 71 Pa. 333; Pierce v. Livingston, 80 Pa. 99; Baker's App., 59 Pa. 313.

PER CURIAM, May 30, 1895:

The only subjects of complaint, in this case, are (1) the order directing the decree to be drawn, etc., and (2) the entry of the decree drawn in accordance with said order; both of which are fully recited in the specifications respectively.

The will of David Weiler, upon the provisions of which the contention depends, was rightly construed by the learned judge of the orphans' court. It is unnecessary to add anything to what he has said on the subject. For reasons given in his opinion, the decree, with slight modification, should be affirmed. Under the clause of the will, quoted in said opinion, testator's sons George and Silas, devisees of the land, are each entitled to one tenth of the twenty-five hundred dollars charged thereon, and hence the decree should be for only four fifths of that sum, viz: two thousand dollars, with interest from the death of testator's widow. And, inasmuch as the period, within which the money was required to be paid, had elapsed, there should be an extension of the time until July 1, 1895. With these modifications, as to amount and time of payment, the decree should be affirmed.

Decree, as above modified, affirmed; and appeal dismissed, with costs to be paid by the appellant.