## Hammond's Estate.

*Will—Devise—Legacy—Charge on land.*

Where a father devises land to a son "subject to the following payments and conditions to be paid and fulfilled by my said son . . . . to pay my executor hereinafter named the sum of Twenty-five hundred dollars to be distributed as hereinafter directed as part of my estate," the son takes the land charged with the payment of the sum of $2,500.

*Will—Charge on land—Deed.*

Where a son takes land charged with a sum of money payable to his father's executor, and subsequently the executor embezzles the funds of the estate without having collected the sum charged upon the land, and thereafter the son conveys the land subject to the payment of the said sum at the decease of his mother, the grantee cannot claim a right to retain the money on account of the son's share in his father's estate, the share being larger than the sum charged, nor can he claim that he is relieved by the act of April 27, 1855, since the death of the grantor's mother, being the time fixed by the deed for the payment, was within twenty-one years from the date of the application to enforce the charge. In such a case the charge was not affected by a sheriff's sale under a judgment against the son prior to the death of the mother.

Argued April 18, 1900. Appeal, No. 104, Jan. T., 1900, by James C. Roller, from decree of O. C. Blair Co., 1899, No. 286, enforcing a charge upon land in the case of estate of William Hammond, deceased. Before GREEN, C. J., McCOLLUM, DEAN, BROWN and MESTREZAT, JJ. Affirmed.

Petition of representatives of William Hammond, deceased, for citation on Adam Hoover and J. C. Roller to show cause why they should not pay a legacy charged on land.

The facts are fully stated in the opinion of the Supreme Court.

*Error assigned* was decree enforcing the charge on the land.

*W. L. Pascoe*, of *Stevens, Owens & Pascoe*, for appellant.— There was no charge on the land: Baker's App., 59 Pa. 313; Hamilton v. Porter, 63 Pa. 332; Cable's App., 91 Pa. 327; Van Vliet's App., 102 Pa. 574; Miltenberger v. Schlegle, 7 Pa. 242; Penny's App., 109 Pa. 323; Tyson's Est., 191 Pa. 218; Thran v. Herzog, 12 Pa. Superior Ct. 551.

Even if charged on the land, the $2,500 due from H. K. Hammond to the testator's executor was paid and extinguished by the much larger amount payable to him by said executor, as the devise of " one equal share " of the estate.

The lien was discharged by the sheriff's sale : Tower's Appropriation, 9 W. & S. 103 ; Hellman v. Hellman, 4 Rawle, 440 ; Hanna's App., 31 Pa. 53 ; Lancaster Co. Nat. Bank's App., 127 Pa. 214 ; Strauss's App., 49 Pa. 353 ; Woods v. White, 97 Pa. 226 ; Morton v. Weaver, 99 Pa. 47 ; Mead v. Conroe, 113 Pa. 220.

*A. O. Furst*, with him *Thomas J. Baldrige*, for appellee.— There was a charge upon the land : Ruston v. Ruston, 2 Dall. 243 ; Hoover v. Hoover, 5 Pa. 351 ; Tower's Appropriation, 9 W. & S. 103 ; Swoop's App., 27 Pa. 58 ; Fields's Est., 36 Pa. 11 ; Baker's App., 59 Pa. 313 ; Hart v. Homiller, 23 Pa. 39 ; Hartzell's Est., 188 Pa. 384 ; Lancaster County Nat. Bank's App., 127 Pa. 214 ; 3 Trickett on Liens, sec. 390 ; Rhoad's App., 119 Pa. 468 ; Harman's Est., 135 Pa. 441 ; Springer's App., 111 Pa. 228 ; Thompson's App., 9 Cent. Repr. 782 ; Brandt's App., 8 Watts, 202.

We submit that the act of 1855 has no application to the present case, for the reason that both H. K. Hammond and Adams Hoover admitted the nonpayment of this legacy.

The remedy to enforce payment of legacies charged on land is exclusively in the orphans' court and is the method adopted in this case : Hartzell's Est., 178 Pa. 286 ; Luckenbach's App., 170 Pa. 586.

We submit that the sheriff's sale had no effect upon the petitioner's claim or testamentary charge in this case. Seven years before Mr. Blair obtained a judgment, the undivided one half of this property was conveyed by H. K. Hammond to Adam Hoover, expressly subject to the testamentary lien, which lien Hoover assumed to pay. Therefore the judgment of Mr. Blair was not a lien upon any land possessed by H. K. Hammond, and the sheriff's sale thereunder could convey no title to the undivided half which William Hammond devised to H. K. Hammond : Drake's App., 68 Pa. 223 ; Kennedy v. Borie, 166 Pa. 360 ; 3 Trickett on Liens, sec. 260 ; Taylor v. Smith, 2 Wharton, 432 ; Woodburn v. Farmers' and Mechanics'

Bank, 5 W. & S. 447; Saunders v. Gould, 124 Pa. 237; Cowden's Est., 1 Pa. 267; Presbyterian Corporation v. Wallace, 3 Rawle, 109; Dewart's App., 43 Pa. 325; Solliday v. Gruver, 7 Pa. 452; Hiester v. Green, 48 Pa. 96; Helfrich v. Weaver, 61 Pa. 385; Rohn v. Odenwelder, 162 Pa. 346; Stewartson v. Watts, 8 Watts, 392; Owens & Crawford's App., 187 Pa. 162.

OPINION BY MR. JUSTICE BROWN, July 11, 1900:

William Hammond died November 4, 1871. At the time of his death, he was the owner of an undivided half interest in a farm in Woodbury township, Blair county, his son, Henry K. Hammond, owning the other half. By the terms of his will, admitted to probate February 27, 1872, he devised this undivided half interest to his said son, Henry, the devise being as follows: " My son, Henry K. Hammond, and I purchased from George W. Smith a farm in Woodbury township and a piece or tract of land in Catharine township, in the county of Blair and state of Pennsylvania. I hereby devise unto my said son, Henry K. Hammond, and to his heirs, all my right, title and interest in the farm and land aforesaid, purchased as aforesaid from the said George W. Smith, subject to the following payments and conditions, to be paid and fulfilled by my said son, Henry K. Hammond. The said Henry K. Hammond to pay and satisfy a judgment in favor of David McMurtrie, of Huntingdon, Pennsylvania, which said judgment is a lien on the farm and land hereby devised to the said Henry K. Hammond. The said Henry K. Hammond to pay my executor hereinafter named the sum of Twenty-five hundred dollars, to be distributed as hereinafter directed as part of my estate." Letters testamentary were granted to Essington Hammond, another son of testator, who received from $16,000 to $18,000 of the personal assets of the estate, which he wasted and misapplied. Having become insolvent and a defaulter to the estate, he absconded from the county, and died in 1873 or 1874, without having filed an inventory or account. It is not pretended that he received the $2,500 which Henry K. Hammond was directed to pay. This proceeding is to enforce the payment of the said sum and was instituted under the 59th section of the act of February 24, 1834. The real question involved is, whether this sum was charged upon the real estate of the testator so devised to his

son. The auditor appointed to hear and determine the facts and suggest a proper decree, held that there was no charge upon the land, but the court sustained the exception to this finding and adjudged the sum to be a charge. Turning to the will, we find the land was devised "subject to the following payments and conditions, to be paid and fulfilled by my said son, Henry K. Hammond. . . . The said Henry K. Hammond to pay my executor hereinafter named the sum of Twenty-five hundred dollars, to be distributed as hereinafter directed as part of my estate." By the words "subject to" the payment of $2,500 to his executor, the testator evidently meant that the devise was to be burdened with the said sum until paid, and he could hardly have used apter words to express his intention that the land was to be so charged. The balance of the will need not be read to gather what he intended, for the words are self-explanatory, meaning that the son, Henry K. Hammond, was to have the land cum onere—with the sum directed to be paid to the executor resting upon it. If the words used had been "subject to and charged with," they would not more certainly define the condition of the devise. Used in such connection, "subject to" and "charged with" are equivalent and interchangeable terms, and either is sufficient to create a charge. In Brandt's Appeal, 8 Watts, 202, relied upon by the learned judge below, it was held: " There is, however, a class of cases in which a legacy may be a lien on land devised in the hands of a bona fide purchaser from the devisee; but it must be a case in which a specific legacy is annexed as a condition to the devise, or where the lands are devised subject to the payment of a sum or several sums." A direction that a devisee yield and pay out of the land a specific sum is a charge upon it: Hoover v. Hoover, 5 Pa. 351, reaffirmed in Cable's Appeal, 91 Pa. 327. In Swoope's Appeal, 27 Pa. 58, it was held, " That the legacy in question was charged upon the land devised by Francis Smith to his son John results by the most necessary implication from the terms of the will. He 'yielding and paying thereout' are the terms in which rent is usually reserved and indicate indubitably the intention of the testator to charge the legacies on the land." The term " subject to," in the devise before us, means " yielding and paying out" of the land devised. Nothing more need be added and further authorities

are not required to sustain the correctness of the learned judge below in saying, "It is hard to conceive how more apt words could be used to create such a charge."

It is insisted, however, that even if there was such a charge upon the land, payment cannot be enforced, because, there having been a devastavit and the executor having embezzled the funds of the estate, H. K. Hammond could have elected to retain the $2,500 on account of his share in his father's estate, the share being larger than said sum. On September 22, 1874, some months, apparently, after the executor had become a fugitive and when there was no personal representative of the estate to whom this money could have been paid, Henry K. Hammond executed a deed for the farm so devised to him to A. B. Hoover, containing the following: "Subject, however to the payment of the sum of twenty-five hundred dollars ($2,500) at the decease of Sarah Hammond, mother of the said Henry Kephart Hammond, grantor herein, as well as the payment of a certain mortgage, given by the said grantor to David McMurtrie of Huntingdon, Pa., for the sum of thirty-two hundred dollars ($3,200)." This charge the court below, for very satisfactory reasons, stated in its opinion, found to be for the $2,500 which H. K. Hammond was to have paid to his father's executor and that, not having paid it, he had made provision in his deed to Hoover for the payment of it to the estate upon the death of his mother. If he had been entitled to retain the money, he waived his right to it by this deed, in which he charged the land with its payment at the death of the widow. The objection of the appellant, that he ought not to pay, comes with poor grace in the face of the deed which he accepted, wherein it is stipulated that, upon the death of Mrs. Hammond, this sum of $2,500 was to be paid by whoever might own the land at that time. He took title to it so burdened and the decree of the court below, that he pay, was simply an order that he comply with the condition of the deed or suffer the same to be enforced against his property.

The appellant still further contends that he is relieved by the Act of April 27, 1855, P. L. 369, which provides that "in all cases where no payment, claim or demand shall have been made on account of, or for any ground rent, annuity or other charge upon real estate for twenty-one years, or no declaration or ac-

knowledgment of the existence thereof shall have been made within that period by the owner of the premises, subject to such ground rent, annuity or charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge shall thereafter be irrecoverable. " The time fixed for the payment of this charge in the deed from Hammond to Hoover was the death of the grantor's mother. This date was, of course, uncertain when the deed was executed in 1874, but it was certain that the time fixed by the grantor for the payment of the money would come, and it did come on September 10, 1889, when his mother died. As he had fixed the time for the payment of the charge, neither he nor the appellant claiming under him can complain because indulgence had been extended and payment of the principal had not been enforced during the life of the widow. The deed from Henry K. Hammond to A. B. Hoover of September 22, 1874, contains a " declaration or acknowledgment " that the sum of $2,500 was to be paid upon the death of Sarah Hammond, and the court below having properly found that this charge was for the money which the grantor had been directed to pay to the executor of his father, the presumption of payment began to run only from the time of payment so fixed, September 10, 1889, and no protection can be found in the act invoked.

This charge was not affected by the sheriff's sale on the judgment of S. S. Blair. Six years before the judgment was obtained, Hammond had conveyed the property to Hoover, charging it with this sum of $2,500, to be paid at the death of his mother, which did not occur until about eight years after the sheriff's sale. Hammond himself had an undoubted right to so provide for the payment of what he had been directed to pay by his father, whose personal representative and legatees alone could have complained and objected to this postponed time of payment. They never did complain and did not attempt to compel payment during the life of the widow ; but, in view of what we have said, they have a right to compel payment now, and, as this sum of money was directed to be paid to the executor, for the purpose of paying legacies, the proceeding before us was properly instituted under the act of February 24, 1834. All the assignments of error are overruled, the appeal is dismissed and the decree affirmed at the cost of the appellant.