## Rettew's Estate.

336

Argued October 4, 1940.

Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, RHODES and HIRT, JJ.

*Joseph Kaplan,* for appellant.

*Russell Conwell Cooney,* with him *Bruce A. Metzger,*
for appellees.

OPINION BY STADTFELD, J., November 20, 1940:

Iona R. Rettew died on August 29, 1938, leaving a
will and two codicils duly probated. The first pro-
vision of the will directed the payment of decedent's
debts and funeral expenses; the second provision be-
queathed certain personal property to the Greatheart
Hospital; the third provision read as follows: "All the
rest, residue and remainder of my Estate, real, personal
and mixed, I give, devise and bequeath unto my Execu-
tors hereinafter named to convert said estate into money
...... and when my real and personal estate shall have
been converted into money, to pay the proceeds thereof,
after deducting all taxes, costs, the direct inheritance
taxes, charges and expenses of every kind as follows":
$2000 to the Laurel Hill Cemetery Company for the

care of a lot which was to be paid to the Cemetery Company "clear of all direct inheritance, or other taxes"; $10,000 to the Samaritan Hospital for the endowment of beds; $10,000 to the Children's Homeopathic Hospital for the endowment of beds; and "the remainder thereof, in equal parts or shares unto the Samaritan Hospital in Philadelphia and Greatheart Hospital in Philadelphia."

By a codicil dated three years later, testatrix revoked the second provision of her will wherein she bequeathed certain personal property to the Greatheart Hospital of Philadelphia, and instead gave this personal property, together with other personal property, to Louise R. Trout; she also bequeathed a clock to Helen M. Larkin, and in other respects ratified her will.

By a second codicil, dated August 12, 1938, testatrix devised certain real estate, 1425 Diamond Street, together with household contents and clothing therein contained to Helen Larena Marioni; she revoked all inconsistent provisions in her previous will or codicil, but otherwise ratified and confirmed her original will.

Upon the filing of the executors' account, the question was presented to the auditing judge as to whether all bequests and devises, including the devise of real estate to Mrs. Marioni, were clear of inheritance taxes, and whether all inheritance taxes should be paid from the fund directed to be divided equally between the Samaritan Hospital and the Greatheart Hospital. In an adjudication of February 21, 1940, by SINKLER, J., the court found that under the terms of the will, each individual legatee and devisee, with the exception of the Laurel Hill Cemetery Company, must bear the inheritance tax assessed against the item received. Exceptions were filed only on behalf of Helen Larena Marioni, appellant herein. The court in banc dismissed the exceptions and confirmed the adjudication. A schedule of distribution in accordance with the adjudication was filed. This appeal followed.

Appellant contends that it was the clear intention of the testatrix as manifested on the face of the will that the inheritance tax on her legacy was to be paid out of the proceeds of the residuary estate after having been converted into money.

The principle is well established that an inheritance tax is ultimately payable by the legatee or out of the property or estate passing to him, unless the will clearly indicates, either expressly or by implication, that the legacy was given free of the tax. In *Youngblood's Estate,* 117 Pa. Superior Ct. 550, 178 A. 517, this court said, at pp. 554, 555: "Under the provisions of the Act of June 20, 1919, P. L. 521, and its amendments (72 PS §2301), inheritance taxes are not assessed against the estate of a testator, but against the legatees, and devisees, as what is taxed is the right of succession or the privilege of receiving the property possessed by decedent, as the plain intent of this statute is to charge the beneficiary. The executor, therefore, was not required to make a return and pay the inheritance tax on the bequests to the appellants, unless the testatrix clearly indicated, either expressly or by implication, that the bequests were given free of the tax: *Brown's Est.,* 208 Pa. 161, 164, 57 A. 360; *Anderson's Est.,* 312 Pa. 180, 182, 167 A. 329; *Elliott's Est.,* 113 Pa. Superior Ct. 350, 355, 173 A. 880."

For support of her contention, appellant relies upon the third clause of the will which directs the executors to convert "all the rest, residue and remainder" of the estate and to make distribution from the proceeds thereof "after deducting all taxes, costs, the direct inheritance taxes, charges and expenses of every kind." A plain reading of the original will, together with the second codicil wherein a specific devise and bequest had been made to the appellant, discloses that certain real estate and personal property had been withdrawn from the residuary estate of the original will and made the

subject of a specific devise and bequest under the codicil referred to. Hence, construing all of the instruments executed by the testatrix together, it is clear, there being no language to show a contrary intention, that "the rest, residue and remainder" of testatrix's estate did not include the property, disposed of under the second codicil. "The words 'rest and residue', or other general terms, in the absence of language showing a contrary intention, mean the estate remaining after satisfaction of charges, debts, and particular legacies and devises, and the withdrawal of specific gifts made in codicils ......": 69 C. J. §1486.

"The residue of an estate in testamentary language means whatever is not specifically devised or bequeathed. It is wholly immaterial in what portion of a will a clause disposing of such residue may be. Its operating effect is that of a residuary clause disposing of that which had not in any other portion of the will been specifically devised or bequeathed: *Willard's Estate,* 68 Pa. 327": *Hoyt's Estate,* 236 Pa. 433, 441, 84 A. 835. See, also, *Shaw's Estate,* 326 Pa. 456, 462, 463, 191 A. 159.

Testatrix's will plainly shows that the direction to pay "direct inheritance tax" from the proceeds of the conversion of the residuary estate, relates exclusively to the residuary estate. By reason of the second codicil, the specific devise and bequest made to the appellant was withdrawn from the general residue of the estate as constituted under the original will. It is clear, therefore, that the direction as to the payment of the inheritance tax cannot be construed to refer to the specific devise or bequest made by the codicil. This conclusion is, in our opinion, in accord with testatrix's clear intention.

The decree of the court below is affirmed at the costs of appellant.