## Horn Estate.

Argued Sept. 26, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Thomas L. Anderson,* with him *F. Stanley Crooks,* for appellant.

*Ralph W. Peacock,* for appellees.

*David I. McAlister* and *McAlister & Zelt,* for specific legatees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 2, 1945:

The appeal raises two questions. The first concerns the ownership of rents from real estate, and the second whether all devises and bequests are exempted from transfer inheritance taxes. Both depend upon the construction of a will and codicil.

Testatrix, a childless widow, died July 5, 1941, seised of a one-half interest in a property known as the Horn and Oliver property, located in Washington, Pennsylvania. The relevant clause in the will as to the first question reads: "2. I direct my Executors, hereinafter named, to make sale of all my interest in and to the . . . Horn and Oliver properties . . . whenever they determine, and upon terms they may decide, the proceeds of which I give, devise and bequeath to Mary S. Logan, of Ocala, Florida . . ." The codicil provides: "II. I do hereby give and devise all my one-half interest in certain property hereinafter described to John F. Wiley, of Washington, Pennsylvania, his heirs and assigns, under and subject to certain cash payments in accordance with manner and time of payment as hereinafter specifically mentioned. III. I do hereby give and devise all my undivided one-half interest in property . . . known as the Horn & Oliver . . . property to John F. Wiley, his

heirs and assigns, with the distinct understanding that he will pay to my Executors the sum of Seventy Thousand ($70,000.00) Dollars, which said sum is to go into my residuary estate, which said residuary estate is devised in my Last Will and Testament, said cash amount to be thus paid by the said John F. Wiley within twelve (12) months of my decease. If he elects not to pay the said cash amount as herein provided. then I direct my interest in said property be sold in accordance with the directions that I have given in my Last Will and Testament."

John F. Wiley paid the $70,000 to the estate on June 26, 1942, which was within the one year period. Between July 5, 1941 (the date of death) and June 26, 1942 (the date of payment) net rentals of $8,850.34 accrued. The question was presented to the orphans' court whether such rents belonged to John F. Wiley or to the residuary legatee. The auditing judge ruled that John F. Wiley was entitled to the rents, and the decision was affirmed by the court in banc. The residuary legatee has appealed.

Determination of this legal question depends upon the quality of the estate created by the words of the testamentary writings. Appellant contends that John F. Wiley was merely given an *option* to purchase the property and did not acquire title until he tendered the money. The court below, however, ruled . . . "that that estate granted Mr. Wiley was a fee simple defeasible estate, described in the books as a fee simple estate upon condition subsequent. . . . John F. Wiley, having a devise in fee simple, had title and right to possession as of decedent's death and therefore he was entitled to all rents, issues and profits accruing on such property after testatrix's death." This is a correct statement of the law. No one questions that rentals follow the fee: see *Merkel's Estate*, 131 Pa. 584, 611, 18 A. 931; *Morrison's Estate*, 196 Pa. 80, 86, 46 A. 257; *Wolfe v. Lewisburg T. & S. D. Co.*, 305 Pa. 583, 158 A. 567. The will and codicil must

be construed together: *Vernier's Estate,* 282 Pa. 194, 127 A. 606; *Warne's Estate,* 302 Pa. 386, 153 A. 688; *Rainear's Estate,* 304 Pa. 539, 156 A. 166; *Moore Estate,* 347 Pa. 276, 32 A. 2d 12. However, the codicil supersedes the will to the extent it is inconsistent therewith: *Thomas' Estate,* 241 Pa. 290, 88 A. 499; *Houser v. Houser,* 268 Pa. 401, 112 A. 29; *Elkins' Estate,* 339 Pa. 193, 12 A. 2d 83. Paragraph II of the codicil, using the words "give and devise" and "heirs and assigns", clearly supplants the provisions of the will and results in a devise of a fee simple subject to a charge. See: *Hart v. Homiller,* 20 Pa. 248 and 23 Pa. 39; *Hanna's Appeal,* 31 Pa. 53; *Weiler's Estate,* 169 Pa. 66, 32 A. 101; *Hammond's Estate,* 197 Pa. 119, 46 A. 935. The subsequent provisions in paragraph III of the codicil do not cut down the estate vested, but describe the property in more detail and resolve the charge more specifically into a condition subsequent that, unsatisfied, may terminate the fee.

Appellant argues that the instant case is governed by *Ludwick's Estate,* 269 Pa. 365, 112 A. 543. As pointed out by the court below, that case is inapplicable because there the will contained no outright devise of the property. Justice SIMPSON said (page 369): "If the will had simply given the farm to William [the devisee], charged with the appraised value thereof, of course he would, upon acceptance, have acquired a fee simple title thereto, subject to the charge: *Hart v. Homiller,* 20 Pa. 248, and 23 Pa. 39; *Hanna's App.,* 31 Pa. 53." That case is clearly distinguishable from the present situation. Testator in that will merely directed that his personal representative should have the real estate appraised. His son was given the privilege of accepting the real estate at the appraised value, and upon his refusal, then testator's three daughters, in order of seniority, were to have the same privilege. No devise was made to any of the children except upon their acceptance. Such a testamentary provision, in essence, was an option to purchase. The

death of the son before electing resulted in a termination of the testamentary option. That is quite a different situation from a devise upon condition subsequent.

We do not regard the letter written by Mr. Wiley's law partner as affecting the above conclusion. Such letter apparently indicated that testatrix may have considered giving an option rather than making a devise. But the letter was written over eight and a half months prior to the date of the execution of the will. It suggested that certain enclosed forms be adopted by testatrix as a codicil to a will. It was conceded that the proposed codicil referred to an earlier will. There was no evidence that such codicil was ever executed and the enclosures were not produced. Furthermore, from a reading of the letter it is not clear that the present codicil followed the suggestions contained in the letter. The letter was properly disregarded by the court below.

The second question presented is whether the specific legacies and devises are relieved of the burden of the transfer and estate taxes by the following paragraph of the will: "1. I direct the payment of my just debts, the expense of probating my estate, and all inheritance and State taxes, as well as real estate, personal property taxes thereon, and all administration expenses, and all taxes of any character, to be paid out of my estate before the payment of the legacies and bequests and diveses [sic.] hereinafter made." Appellant contends that the word "before" means "prior in time", and hence the clause merely directs the executors to pay taxes before distribution as they are already required to do under the present law (Act of 1919, P. L. 521, amended by Act of 1923, P. L. 1078, 72 PS 2352; Act of 1937, P. L. 2762, 20 PS 844). Under appellant's view the effect is the same as though the paragraph had been omitted entirely from the will. Such interpretation is forced and unnatural. A will should be read in the ordinary and grammatical sense of the words employed: *Bender v. Bender,*

226 Pa. 607, 613, 75 A. 859; *Long v. Stout,* 305 Pa. 310, 316, 157 A. 607. A construction of a will which renders every word operative is to be preferred to one which makes some words and sentences idle and nugatory: *Byrne's Estate,* 320 Pa. 513, 519, 181 A. 500; *Calder's Estate,* 343 Pa. 30, 21 A. 2d 907. As stated by the court below, the obvious meaning is that . . . "the testatrix intended and directed that all transfer inheritance taxes and estate taxes upon all legacies and bequests should be paid out of the residuary estate by her executors."

It is further argued that the burden of taxes was not shifted to the residuary estate because testatrix did not clearly indicate an intention to do so. The use of the word "residuary" is not mandatory. It was correctly decided by the court below that the language used was sufficiently precise and definite and the intent of testatrix "clearly and unequivocally expressed." Compare: *Lea's Estate,* 194 Pa. 524, 45 A. 337; *Brown's Estate,* 208 Pa. 161, 57 A. 360; *Anderson's Estate,* 312 Pa. 180, 167 A. 329; *Habecker's Estate (No. 3),* 43 Pa. Superior Ct. 91; *Rettew's Estate,* 142 Pa. Superior Ct. 335, 16 A. 2d 322.

Decree affirmed, at the cost of the appellant.