J-A19027-15

2015 PA Super 249

| IN RE: ESTATE OF LEO I. DAVIS A/K/A LEO IGNATIUS DAVIS, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: MONSIGNOR RICHARD J. SULLIVAN, EXECUTOR | No. 1347 WDA 2014 |

Appeal from the Order Entered July 28, 2014
In the Court of Common Pleas of Erie County
Orphans' Court at No(s): 3 OF 2014

BEFORE: BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

OPINION BY JENKINS, J.:                           **FILED NOVEMBER 30, 2015**

Appellant Monsignor Richard J. Sullivan ("Executor"), executor of the Estate of Leo I. Davis a/k/a Leo Ignatius Davis, appeals from the July 28, 2014 order denying Executor's exceptions to the order filed June 10, 2014, which sustained the Commonwealth of Pennsylvania's objections to the first and final account of Executor and ordered Executor "to re-allocate any and all taxes allocated to the sixty percent charitable interest." We vacate the order and remand for further proceedings consistent with this opinion.

On April 28, 2010, Leo I. Davis ("Decedent") died testate, having a will dated November 20, 2007. Executor filed a petition for probate and grant of letters. The Erie County Register of Wills granted Executor the letters testamentary.

Decedent's Will provided for a specific cash bequest of $10,000.00 to his friend Elaine F. Chiaramonte. The residue of Decedent's estate was to be distributed between his nephew, Patrick W. Sheehan, who was to receive 40% of the residuary estate, and three charities, each of which was to receive 20% of the residuary estate. The charities were St. Andrews Church, Cathedral Preparatory School, and Gannon University. In addition, Decedent had a non-probate asset, an annuity in the amount of $104,000.00. His nephew, Mr. Sheehan, and a niece, were beneficiaries of the annuity.

On January 8, 2014, Executor filed a first and final account for the estate. This account directed that the inheritance tax on the distributions to the residuary beneficiaries and the inheritance taxes on the annuity be paid out of the residuary estate prior to allocation and distribution of the residuary estate.

On February 19, 2014, the Commonwealth[1] filed objections to the account, requesting the orphans' court prohibit Executor from apportioning

---

[1] The Commonwealth has standing in proceedings that affect a charitable interest. *In re Estate of Pruner*, 136 A.2d 107 (Pa.1957). The Supreme Court of Pennsylvania explained:

> [B]ecause the public is the object of the settlors' benefactions, private parties have insufficient financial interest in charitable trusts to oversee their enforcement. Consequently, the Commonwealth itself must perform this function if charitable trusts are to be properly supervised. The responsibility for public supervision traditionally has

*(Footnote Continued Next Page)*

the inheritance tax to the charities. On May 7, 2014, Executor filed three consents signed by the charities. In the consents, the charities agreed to Executor's proposal, which paid the inheritance tax from the residuary estate, prior to allocation and distribution to the beneficiaries.

On May 12, 2014, the orphans' court conducted a hearing and oral argument. The orphans' court denied Executor's request to present the testimony of Darlene M. Vlahos, Esquire, scrivener of the Will, and two documents from the scrivener's estate planning file for Decedent. The parties submitted post-hearing briefs.

On June 10, 2014, the orphans' court sustained the Commonwealth's objections and directed that "Executor shall, in accordance with the statutory scheme of taxation, re-allocate any and all taxes allocated to the sixty percent charitable interest." On June 30, 2014, Executor filed exceptions to the order. On July 28, 2014, the court denied the exceptions.

On August 12, 2014, Executor filed a timely notice of appeal. Both Executor and the orphans' court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following claims on appeal:

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

been delegated to the attorney general to be performed as an exercise of his *parens patriae* powers.

***Id.*** at 109.

I. Whether the orphans' court erred in holding the tax provision of the Will as insufficient to require payment of inheritance tax from the residuary estate before the division and distribution of the residue.

II. Whether the orphans' court erred in not permitting the scrivener Darlene M. Vlahos, Esquire, to testify regarding the intent of the decedent.

III. Whether the orphans' court erred by not approving the settlement of the issue raised by the AG's objections based on the subsequent signed consents of all three charities.

IV. Whether the orphans' court erred by not ordering, that the $1,500 of inheritance tax on the pre-residuary cash bequest of $10,000 be paid from and charged against the residue before the division and distribution of the residue.

Appellant's Brief at 4 (internal capitalization omitted).

The effect of a tax clause contained in a will involves a question of law. *In re Estate of Allen*, 960 A.2d 470 (Pa.Super.2008). This Court's scope of review is plenary and our standard of review is *de novo*. *In re Fridenberg*, 33 A.3d 581, 584 (Pa.2010).

In interpreting a will, this Court has stated:

The testator's intent is the polestar in the construction of every will and that intent, if it is not unlawful, must prevail.

In order to ascertain the testamentary intent, a court must focus first and foremost on the precise wording of the will, and if ambiguity exists, on the circumstances under which the will was executed, only if the testator's intent remains uncertain may a court then resort to the general rules of construction. The words of a will are not to be viewed in a vacuum but rather as part of an overall testamentary plan.

When interpreting a will, we must give effect to word and clause where reasonably possible so as not to render any provision nugatory or mere surplusage. Further, technical words must ordinarily be given their common legal effect

- 4 -

as it is presumed these words were intentionally and intelligently employed, especially where they are used by someone learned in probate law.

Courts are not permitted to determine what they think the testator might or would have desired under the existing circumstances, or even what they think the testator meant to say. Rather, the court must focus on the meaning of the testator's words within the four corners of the will. Finally, a court may not rewrite an unambiguous will.

*In re Estate of Schulthesis*, 747 A.2d 918, 922-23 (Pa.Super.2000) (quoting *In re Estate of Rider*, 711 A.2d 1018, 1021 (Pa.Super.1998)). Further, "[a]s most wills are seldom alike, it is necessary to interpret each will according to its own peculiar terms." *In re Estate of Pyle*, 570 A.2d 1074, 1077 (Pa.Super.1989) (citing *In re Wahr's Estate*, 88 A.2d 417, 419 (Pa.1952) (dissenting opinion, Bell and Musmanno, JJ.)).

Pursuant to Pennsylvania law:

(a) In the absence of a contrary intent appearing in the will, the inheritance tax, including interest, on the transfer of property which passes by will absolutely and in fee, and which is not part of the residuary estate, shall be paid out of the residuary estate and charged in the same manner as a general administration expense of the estate. The payments shall be made by the personal representative and, if not so paid, shall be made by the transferee of the residuary estate.

. . .

(f) In the absence of a contrary intent appearing in the will or other instrument of transfer and except as otherwise provided in this section, the ultimate liability for the inheritance tax, including interest, shall be upon each transferee.

72 P.S. § 9144(a), (f).

Accordingly, unless the will provides otherwise, inheritance tax on specific bequests shall be paid out of the residuary estate and charged in the same manner as a general administration expense of the estate. The administration expenses are to be paid in full prior to paying other expenses and prior to distribution to beneficiaries. 20 Pa.C.S. § 3392.[2] In contrast,

_____

[2] Section 3392 provides:

> If the applicable assets of the estate are insufficient to pay all proper charges and claims in full, the personal representative, subject to any preference given by law to claims due the United States, shall pay them in the following order, without priority as between claims of the same class:
>
> (1) The costs of administration.
>
> (2) The family exemption.
>
> (3) The costs of the decedent's funeral and burial, and the costs of medicines furnished to him within six months of his death, of medical or nursing services performed for him within that time, of hospital services including maintenance provided him within that time, of services provided under the medical assistance program provided within that time and of services performed for him by any of his employees within that time.
>
> (4) The cost of a gravemarker.
>
> (5) Rents for the occupancy of the decedent's residence for six months immediately prior to his death.
>
> (5.1) Claims by the Commonwealth and the political subdivisions of the Commonwealth.
>
> (6) All other claims.

Further, the costs delineated in § 3392, are paid prior to distribution to beneficiaries. **See** 20 Pa.C.S. § 3541 (delineating order of distribution to
*(Footnote Continued Next Page)*

unless the will provides otherwise, the beneficiaries of the residuary estate and non-probate assets must pay the inheritance tax liability for their portion of the residuary estate.

Decedent's Will contained the following provision regarding inheritance taxes:

> All estate, inheritance, and other death taxes (including interest and penalties, if any) together with the expenses of my last illness and all administration expenses including an appropriate marker for my grave, payable in any jurisdiction by reason of my death (including those taxes and expenses payable with respect to assets which do not pass under this Will) shall be paid out of and charged against my estate.

Last Will and Testament, Item I.

Executor argues this provision contains the requisite contrary intent to rebut the statutory presumption that residuary beneficiaries and beneficiaries of non-probate assets must pay the inheritance tax for their bequests.[3] He maintains the language that the "taxes . . . together with the expenses of my last illness and all administration expenses, . . . shall be

_(Footnote Continued)_ ─────────────

pay claimants and distributes if the assets are insufficient to pay all claimants and distributees in full).

[3] There were three taxable transfers, two devised by the Will and one transferred pursuant to a non-probate annuity. The AG does not dispute that the taxes on the $10,000.00 gift to Decedent's neighbor should be paid by the residuary estate pursuant to 72 P.S. § 9144(a). Although the Commonwealth's brief focuses on the taxes owed by the nephew for the devise of 40% of the residuary estate, it also maintains Decedent's nephew and niece are liable for the taxes on the annuity. Appellee's Brief at 7.

paid out of and charged against my estate" conveys Decedent's intent that the taxes on any taxable transfers were to be paid out of the residuary of the estate prior to distribution to beneficiaries and were to be charged against the entire residuary estate, not against only the beneficiary receiving the taxable transfer. Appellant's Brief at 17-20. Executor stresses that the Will provides the taxes should be paid "together with" the administration costs, which are paid prior to allocation and distribution and charged against the estate. *Id.* Executor argues the orphans' court interpretation of the section renders the phrase "together with" meaningless. *Id.* at 18-19.

The Commonwealth argues the Will does not contain the language needed to unambiguously require payment of the inheritance taxes by Executor out of the principal of the residuary estate before allocation to the named beneficiaries. Appellee Brief at 16. It notes the Inheritance and Estate Tax Act exempts transfers to charitable organizations from application of the inheritance tax. *Id.* at 17 (citing 72 P.S. § 9111(a), (c)). Therefore, the bequests to St. Andrews Church, Erie Cathedral Preparatory School, and Gannon University, all charitable organizations, are not subject to inheritance taxes. *Id.* The Commonwealth argues that, pursuant to case law, the Will must designate the source of the fund from which the inheritance taxes would be paid to rebut the statutory presumption that the residuary beneficiary is liable for taxes on his or her portion of the residuary estate, i.e., a decedent's will must designate that the taxes would be paid from "the principal of the residuary estate." *Id.* at 20. The Commonwealth

- 8 -

maintains the orphans' court's interpretation does not render the words "together with" meaningless because the clause directs that the taxes were to be paid out of the estate, it just does not address the apportionment of the taxes. *Id.* at 23. Therefore, it argues, the clause requires Executor to pay the taxes from the residuary estate, but does not permit Executor to allocate the taxes among all beneficiaries, including charitable organizations.[4] *Id.* at 23-24.

_____

[4] Executor's reply brief notes that the Inheritance Tax Act requires the executor to file a tax return with respect to probate assets and imposes personal liability if he does not withhold taxes before distribution to the beneficiaries and remit the tax to Pennsylvania. Reply Brief at 6. The Act states:

> Subject to the provisions of sections 2144 and 2154, every personal representative or other fiduciary . . . in charge of or in possession of any property, . . . the transfer of which is subject to a tax imposed by this article . . . shall deduct the tax from the property, if money, or shall collect the tax from the transferee. Any delivery of property or instrument by the fiduciary to a transferee, . . . shall not relieve him of personal liability for a tax imposed by this article. No personal representative or other fiduciary in charge of or in possession of any property subject to this article shall be compelled to pay or deliver it to the transferee except upon payment to him of the tax due other than tax on a future interest not yet delinquent. . . . All money retained by the personal representative or other fiduciary, or paid to him on account of the taxes imposed by this article, shall be remitted by him before the tax becomes delinquent or, if received after the tax becomes delinquent, shall be remitted by him promptly upon its receipt.

72 P.S. § 9146.

The parties cite three cases in support of their arguments, *In re Estate of Pyle*, 570 A.2d 1074, 1077 (Pa.Super.1989), *In re Horn's Estate*, 40 A.2d 471 (Pa.1945), and *In re Estate of Jones*, 796 A.2d 1003 (Pa.Super.2002).

In *Pyle*, the decedent's will provided the residue of her estate would be divided into three equal shares, one going to Melanie Bannon and the other two shares going to two charities. The will then provided:

> I direct that all estate and inheritance taxes on any property passing under this Will, or by reason of my death, shall be paid out of the residuary portion of my estate, and that no beneficiary of mine shall be called upon or required to reimburse my Executors.

*Pyle*, 570 A.2d at 1076. This Court found the language not specific enough to alter the statutory scheme. The Court noted such a conclusion did not render the taxation clause meaningless, reasoning, it "simply provided that all estate and inheritance taxes are to be paid out of the residuary portion of the estate, but does not explain how the taxes are to be apportioned among the residuary beneficiaries. . . . [The clause] is merely a recitation of the law as found in [the statute]." *Id.* at 1077. The Court then stated:

> If the testatrix had desired to disrupt the statutory scheme, she could have used the appropriate language and specifically stated that all taxes were to be paid from the residue prior to distribution and that no part of the taxes should be pro-rated or apportioned among the persons or beneficiaries receiving the taxable property.

*Id.* at 1078. The Court concluded the decedent did not convey sufficient intent to upset the statutory scheme. *Id.*

The Supreme Court of Pennsylvania decided **Horn's Estate** in 1945, when a different statutory scheme was in place. At that time, taxes on all devises were "payable by the legatee or out of the estate passing to her, unless the will clearly indicate[d], either expressly or by necessary implication, that the legacy was given free of the tax." **In re Spanenberg's Estate**, 59 A.2d 103, 104 (Pa.1948) (citing **In re Anderson's Estate**, 167 A. 329 (Pa.1933)). The will in **Horn's Estate** contained the following provision concerning the payment of taxes:

> I direct the payment of my just debts, the expense of probating my estate, and all inheritance and State taxes, as well as real estate, personal property taxes thereon, and all administration expenses, and all taxes of any character, to be paid out of my estate before the payment of the legacies and bequests and diveses [sic] hereinafter made.

**In re Horn's**, 40 A.2d at 473. The Appellant argued the word "before" meant "prior in time," and, therefore, the clause only directed the executors to pay taxes before distribution, as the statute required them to do. **Id.** The Supreme Court found:

> Under appellant's view the effect is the same as though the paragraph had been omitted entirely from the will. Such interpretation is forced and unnatural. A will should be read in the ordinary and grammatical sense of the words employed. A construction of a will which renders every word operative is to be preferred to one which makes some words and sentences idle and nugatory. As stated by the court below, the obvious meaning is that 'the testatrix intended and directed that all transfer inheritance taxes and estate taxes upon all legacies and bequests should be paid out of the residuary estate by her executors.

- 11 -

*Id.* (internal citations omitted). In *Horn's Estate*, the Court further found the word "residuary" was not mandatory and the "language used was sufficiently precise and definite and the intent of testatrix 'clearly and unequivocally expressed.'" *Id.*

In *Jones*, the will contained the following provision:

> All federal, state and other death taxes payable on the property forming my gross estate for tax purposes, whether or not it passes under this Will, shall be paid out of the principal of my residuary Estate just as if they were my debts, and none of those taxes shall be charged against my beneficiary.

*Jones*, 796 A.2d at 1004. Three months following execution of the will, the decedent executed an inter vivos trust. The issue was whether the estate was to pay taxes on the trust property. This Court found the will employed "standard language that clearly and specifically states that all *death* taxes should be paid from the principal of the residuary estate." *Id.* at 1006. The trust had a provision for payment of property taxes, but not death taxes. The Court further found the provision "sufficiently clear and specific to overcome the statutory scheme for apportionment of estate and inheritance taxes." *Id.* It provided the residuary estate would pay all death taxes, including those attributable to property that does not pass under the Will. *Id.* The Court distinguished *In re Estate of Erieg*, 267 A.2d 841 (Pa.1970), where the will provided for payment of death taxes from the residuary estate, but not from the principal of the residuary estate. *Id.* In *Ereig*, the Supreme Court of Pennsylvania found the orphans' court properly

- 12 -

allocated 5% of the taxes to the wife's share of the residuary estate and 95% of the taxes to the niece's share.[5]  The Court found, although the testator "had specifically directed that all death taxes be paid from the residuary estate, the testator had not provided any guidance as to the allocation of the tax liability between the two beneficiaries of the residuary estate." *Id.* at 1007.  The Court in *Jones* found *Ereig* inapplicable because in *Jones* there was only one beneficiary of the residuary estate and in *Jones* the testator provided the taxes were to be paid from the principal of the residuary estate.  *Id.*

Here, the tax clause of Decedent's Will unambiguously requires that the taxes be paid from the residuary of the estate prior to allocation among,

_____

[5] The Supreme Court in *Ereig* also noted:

> There is yet another reason for interpreting ITEM IV as we do: the decedent probably included ITEM IV because, at the time the will was written, October 20, 1965 the statutory scheme of proration required that All beneficiaries, including those receiving specific pecuniary legacies, had to share the burden of paying the estate taxes. Act of August 24, 1951, amended by Act of December 22, 1965, P.L. 1204, 20 P.S. s 883(d). In light of this provision the decedent might well have added ITEM IV, which is not an uncommon clause, in order to insure the integrity of his specific bequests and non-probate assets, and not with any thought to affecting the proration of taxes between the two residuary legatees. Given this highly probable alternative explanation for the inclusion of ITEM IV, we are hardly willing to give it the much broader interpretation urged on us by Jane Laher.

267 A.2d at 845-46.

or distribution to, the residuary beneficiaries. Although the clause does not state the taxes should be paid from the principal of the residuary estate or paid prior to distribution, it requires the taxes to be paid "together with" the administration expenses, and therefore, requires the taxes to be paid from the "principal" prior to allocation and distribution, as that is how the administrative expenses are paid. Similar to **Horn**, the Commonwealth's interpretation would not read the clause, including its requirement that all taxes "together with . . . all administration expenses . . . shall be paid out of and charged against my estate," in the "ordinary and grammatical sense of the words employed." Unlike **Pyle**, which only stated the taxes "shall be paid out of the residuary portion of my estate," Decedent stated the taxes should be paid "together with" the administration expenses, which are paid prior to allocation among, and distribution to, the beneficiaries.

Because we find Decedent's Will unambiguously requires that the taxes be paid out of the residuary of the estate prior to allocation among the beneficiaries, we need not address Executor's remaining issues, i.e., whether the trial court erred in excluding the testimony of the scrivener of the Will, whether the trial court erred in failing to accept the settlement of the issue by the charitable beneficiaries, and whether the order needs to clarify that the taxes for the specific bequest should be paid out of the residuary prior to allocation among beneficiaries.

Order vacated. Case remanded to the trial court for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2015