**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF JAMES B. KARN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: JAMES L. KARN | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 647 WDA 2021 |

Appeal from the Decree Entered May 17, 2021
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  1566 of 2010

BEFORE:   BENDER, P.J.E., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED:  November 18, 2021**

James L. Karn (Appellant) appeals *pro se* from the decree entered on May 17, 2021, that confirmed the account for the Estate of James B. Karn (Decedent) and directed the distribution of personalty and real estate in the hands of the Accountant, who was appointed Administrator DBN CTA of the Estate.  After review, we affirm.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court's docket reveals that Appellant filed this appeal on June 8, 2021, from the May 17, 2021 decree issued by the trial court confirming the estate account and directing distribution of the assets.  On July 23, 2021, this Court issued a rule to show cause in response to Appellant's filing of a "Brief of Appellant" rather than a notice of appeal as prescribed by Pa.R.A.P. 904(a). The orphans' court had docketed the "Brief" as a notice of appeal.  Appellant filed a *pro se* response to the rule to show cause and although this Court discharged the rule to show cause, the parties were notified that this issue could be revisited by this panel when determining the merits of the appeal. Although we frown upon a party's failure to conform to the rules of appellate procedure, we will not quash or dismiss this appeal.

We begin by setting forth our standard of review.

Our standard of review of the findings of an Orphans' Court is deferential.

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

However, we are not constrained to give the same deference to any resulting legal conclusions.

*In re Estate of Harrison*, 745 A.2d 676, 678-79 (Pa. Super. 2000), *appeal denied*, … 758 A.2d 1200 ([Pa.] 2000) (internal citations and quotation marks omitted). "The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." *In re Estate of Luongo*, 823 A.2d 942, 951 (Pa. Super. 2003), *appeal denied*, … 847 A.2d 1287 ([Pa.] 2003).

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016) (quoting *In re Estate of Whitley*, 50 A.3d 203, 206-207 (Pa. Super. 2012)).

Appellant raises the following two issues for our review:

1. Did the [t]rial [c]ourt abuse its discretion by awarding the estate funds to a beneficiary before the debts were paid?

2. Did the [t]rial [c]ourt err when it removed … Appellant as executor of the deceased's estate?

Appellant's brief at 4.

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough opinion authored by the Honorable Michael E. McCarthy of the Orphans' Court Division of the Court of Common Pleas of

Allegheny County, dated July 22, 2021.[2]  We conclude that Judge McCarthy's well-reasoned opinion appropriately disposes of the issues and accompanying arguments presented by Appellant.  Accordingly, we adopt Judge McCarthy's opinion as our own and affirm the decree from which Appellant appealed.

Decree affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2021

---

[2] On August 31, 2021, the orphans' court issued a supplemental opinion to correct the omission of the word "not" in the second sentence of the last paragraph on page 6 of its original opinion.

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

**IN RE:**

THE ESTATE OF JAMES B. KARN,
DECEASED

**ORPHANS' COURT DIVISION**

**No.**   1566 of 2010
         415 WDA 2021

**OPINION**

FILED BY:
Michael E. McCarthy, Judge

**COPIES TO:**

James L. Karn
6905 Merton Road
Avalon, PA 15202

Arnold Caplan, Esquire
429 Fourth Avenue, Ste 1806
Pittsburgh, PA 15219

Andrew Gross, Esquire
Gross Patterson, LLC
707 Grant Street, Ste 2340
Pittsburgh, PA 15219

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| IN RE: | ORPHANS' COURT DIVISION |
|---|---|
| THE ESTATE OF JAMES B. KARN, DECEASED | **No.** 1566 of 2010 <br> 415 WDA 2021 |

## OPINION

This matter concerns the Estate of James B. Karn who died testate on October 29, 2004. At the time of his death, James was not married and was survived by two adult sons, James and Douglas. The typewritten will directed that:

> [A]fter payment of all my just debts, my property net value be distributed by my executor in the following proportion:

| | |
|---|---|
| James L. Karn (son) | 70% |
| Douglas James Karn (son) | 20% |
| Elizabeth Sherry Jones | 10% |

Inserted following the term "proportion" was a handwritten parenthetical entry which stated: (Shop + Equipment). Appended to the will was a pre-printed form captioned "Affidavit of Non-Subscribing Witnesses". The names of James L. Karn and "Wm. Karn" were entered onto the form as witnesses to the will. William Karn is named in the will as the testator's brother and is designated as an alternate executor.

It was not until March 12, 2010, that letters testamentary were first issued and the decedent's son, James L., was confirmed as executor of the estate. A Pennsylvania inheritance tax return was filed the following month. Thereafter, no further activity of record occurred for

2

approximately nine years. During that time, no distribution was made to Douglas Karn from the estate nor was Douglas kept apprised of the status of the estate, informally or otherwise.

In or around April 2019, Douglas, through counsel, made written inquiry to James regarding the status of the estate administration. Receiving no prompt response, Douglas caused a "Petition for Citation for a Rule to Show Cause, Why James L. Karn Should Not Be Removed as Executor" to be filed on May 2, 2019. The petition asserted that, apart from filing the inheritance tax return, James had apparently done little to responsibly administer the estate. James had not complied with notice and filing requirements under Pennsylvania Orphans' Court Rule 10.5, had not filed an inventory or status report, and had sold two parcels of real estate, which were assets of the estate, without having informed heirs that the properties had been offered for sale. Nor was any accounting provided regarding the proceeds of those sales. The petition further asserted that James had neglected to ascertain all assets of the estate and, generally, had not administered the estate in a competent manner. The petition requested that James be required to show cause, if any, why he should not be removed as executor of his father's estate.

The matter proceeded to a hearing on September 18, 2019. At that hearing, it was established that James, having failed to marshal assets, to establish an estate bank account, to make expeditious distribution of assets, to maintain complete and accurate records, or to bring the estate to a complete close within a reasonable time, had acted in a manner inconsistent with the fundamental responsibilities of an executor. James was demonstrated to have been incapable or unwilling to perform essential responsibilities of the executor of his father's estate. Illustrative of that failure or incapacity was testimony provided by James regarding disposition of one of three parcels of real estate owned by the Decedent at the time of death:

3

Q.  Is the mortgagor, Crow Hill Development, are they making monthly payments to the Estate?

A.  They are making payment, yes.

THE COURT: To the Estate?

THE WITNESS: I believe so.

Q.  And where do they send those payments?

A.  To me.
    ...

Q.  When will they be finished making their payments to the Estate?

A.  I don't have a time schedule.

Q.  So, how do you know when they're going to be paid in full?

A.  I don't know.
    ...

Q.  And when you get those checks, you're just depositing them into your bank account?

A.  They're going to pay the debt, yes.

THE COURT: Answer the question. Where are you depositing these checks?

THE WITNESS: I guess into my account, yes.

THE COURT: Don't guess. You get these checks every month, right? Is that correct?

THE WITNESS: Yes, I do.

THE COURT: And what do you do with these checks?

4

THE WITNESS: I deposit it.

THE COURT: It's your personal account?

THE WITNESS: Yes.

THE COURT: Not the Estate?

THE WITNESS: Correct.

THE COURT: So there is no estate account open to your knowledge.

THE WITNESS: Correct.

N.T., 9/18/2019 at pp.25-26

A personal representative may be removed upon a showing that he or she has failed to perform any duty imposed by law or that the interests of the estate are likely to be jeopardized by the representative remaining in that position. 20 Pa.C.S.A. §§1, 5. Here, having either neglected to establish a separate bank account for the estate or, if one has been established, having failed to fully segregate accounts, and having entered into an installment payment transaction which has extended over a term of years, James failed in the fundamental responsibilities of a personal representative to administer the estate expeditiously and to maintain estate proceeds entirely separate from personal accounts. The failure by James to segregate estate and personal accounts and his unawareness of the payment schedule regarding a mortgage granted for the purchase of estate property suggests a negligent or incapable administration of the estate.

Additionally, James failed to discover and secure stocks which had been held by the decedent at the time of death. Consequently, dividend income which had accumulated over the

5

course of James' executorship had not been paid to the estate and the stock shares themselves, not having been claimed by James on behalf of the estate, remained at risk of escheatment[1] or claim by intestate heirs viewing the Pennsylvania unclaimed property website.

James did not timely advertise the estate. Pursuant to 20 Pa.C.S.A. §3162, advertisement serves to foreclose any creditor claims that have not been presented within one year of the date of that advertisement. Although James now contends that he did advertise the estate, that advertisement did not occur until August 2019, subsequent to the time that the petition for citation in this matter had been filed and served and some nine years after the death of his father. That belated advertisement of the estate did not comport with the explicit directive of §3162 that personal representatives are to advertise an estate "*immediately* after the grant of letters". A consequence of James' failure to seasonably accomplish the mandatory task of immediately advertising the estate was an unnecessarily extended exposure of the estate to creditors' claims. It may not be ascertainable at this point which, if any, claims of creditors might have been forfeited had the estate been promptly advertised. Nonetheless it is plain from the failure to advertise and from all that has been presented that James lacked either the willingness or the ability to function responsibly as an executor.

Among the responsibilities of personal representatives is liquidation of estate assets in order to effect a prompt distribution to heirs.[2] The responsibility to make reasonably prompt distribution was not met by James. Even at this juncture, a decade into the administration of the estate, James' contention remains that, had he continued as executor, he "may have had funds to pay beneficiaries in the future. ...The investments made by the Appellant in the estate are mostly

---

[1] 72 Pa.C.S.A. §§1301.1, 1301.6, *passim*
[2] 20 Pa.C.S.A. §3316

6

public record, including property taxes, funeral expenses, and inheritance tax. Other investments are easily estimated including new roof, furnace and water heater."[3] Those contentions are self-defeating in that they concede a current uncertainty as to the scope and composition of the estate and seek, in effect, an indefinite extension of the executorship.

James asserts that "there is no proof that [he] meets any of the grounds for ... removal as executor of the estate" and that the court, therefore, erred by removing James as executor.[4] James concedes that he cannot yet provide any reliable accounting of the estate and that, had he continued as executor, he could only have offered estimates rather than a complete and competent accounting. Given that James could not comply either with the need to provide a complete and reliable accounting or with the responsibility to distribute the estate promptly, James's complaint on appeal that "the trial court erred when it removed Appellant as executor of the deceased's estate" is not supported by the record.

A second matter complained of on appeal asserts that this court "abuse[d] its discretion by awarding estate funds to a beneficiary before the debts were paid." Citing *In re Estate of Davis*, 128 A.3d 819 (Pa. Super. 2015), James contends that all the expenses and debts of an estate are to be paid in full before any distribution is made to beneficiaries. The *Davis* decision makes no such declaration, but merely recites that, in the event that the assets of the estate are insufficient to pay all proper charges and claims in full, the personal representative, subject to any preference given by law to claims due the United States, shall pay such charges and claims in the order of priority dictated by statute at 20 Pa.C.S.A. §3392. The *Davis* decision further observes that, in the event the assets of the estate are insufficient to pay all claimants and

---

[3] Brief of Appellant at 15.

7

distributes in full, the order of abatement set forth in 20 Pa.C.S.A. §3541 must be observed. James has not demonstrated, or alleged with any particularity, that the distribution sought by the administrator d.b.n.c.t.a. and allowed by the court contradicted the directives of §3392 or §3541.

The record in this case established unreliable record-keeping and grossly dilatory performance on the part of the executor. Neither of those deficiencies would be remedied promptly if the executor remained in place. For that reason, James was properly removed as executor. The record has not established any improprieties or failed performance on the part of the current administrator.

By the Court:

Dated ___21ˢᵗ July___, 2021

_____
Michael E. McCarthy, J.

---

[4] James filed a "Brief of Appellant" rather than a notice of appeal, and, in that brief set forth a "Statement of Questions Involved".